**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BRYANNA PARADIS | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| BOUVIER, BECKWITH & LENNOX | : | |
| INSURANCE, INC.  d/b/a BOUVIER | : | |
| INSURANCE | : | |
| | : | APRIL 18, 2023 |
| Defendant. | : | |
| | : | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, codified as amended at 42 U.S.C. § 12101 et seq.; the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended; Connecticut General Statues; and Connecticut State Law.

2. The jurisdiction of this court is founded upon 28 U.S.C. §1331 (federal question) and the provisions of 28 U.S.C. §1343.

3. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district and Plaintiff resides in this district.

4. Supplemental jurisdiction over Plaintiff's supplemental state law claims is invoked pursuant to 28 U.S.C. §1367 as the claims arise out of the same transaction and occurrences as Plaintiff's federal claims.

5. Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. §1988.

-1-

THE McMINN EMPLOYMENT LAW FIRM, LLC

1000 Lafayette Boulevard, Suite 1100 ▪ Bridgeport, CT 06604 ▪ T: (203) 683-6007 ▪ F: (203) 683-9881

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission on March 7, 2023.

7. Plaintiff received a Release of Jurisdiction from the Connecticut Commission on Human Rights and Opportunities on January 23, 2023.

## THE PARTIES

8. The Plaintiff, Bryanna Paradis ("Plaintiff" or "Paradis") is a natural person and a resident of the town of Clinton and state of Connecticut.

9. The Defendant, Bouvier Beckwith & Lennox, Inc. d/b/a Bouvier Insurance ("Bouvier" or "Defendant"), is a Connecticut corporation, headquartered at 29 North Main Street West Hartford, CT 06107, with a principal place of business at 80 Halls Road Old Lyme, CT 06371, where Plaintiff was employed.

10. Defendant employs more than twenty (20) employees.

## FACTUAL ALLEGATIONS

11. Plaintiff is a member of multiple protected classes. She is female and became pregnant during her employment.

12. Plaintiff began working for Defendant, Bouvier, on June 29, 2020, as a Personal Lines Account Manager in the Defendant's Waterford Connecticut location.

13. Plaintiff later transferred to Bouvier's Old Lyme Connecticut location where she reported to Jenna Mackey ("Mackey") (non-pregnant; no known disability), Personal Lines Manager.

14. Subsequently, the Plaintiff was promoted to the position of Marketing Specialist where

-2-

she continued to report to Ms. Mackey.

15. Due to the corona virus pandemic in 2020, Bouvier had its employees work from home remotely, inclusive of Plaintiff.

### A. **Plaintiff's Pregnancy.**

16. In February 2021 the Plaintiff became pregnant.

17. The Plaintiff immediately informed her supervisor Ms. Mackey of her pregnancy.

18. In or about June 2021, Bouvier informed Plaintiff that she would need to return to work in the office and work from home only <u>one day per week</u> -- which Bouvier knew or should have known placed the Plaintiff at high-risk. According to the Centers for Disease Control and Prevention (CDC), "[p]eople who have COVID-19 during pregnancy are also at increased risk for complications that can affect their pregnancy and developing baby. For example, COVID-19 during pregnancy increases the risk of delivering a preterm (earlier than 37 weeks) and/or a stillborn infant."[1]

19. Though being required to work in the office, importantly, Plaintiff could perform all of her work duties from home, thus making Bouvier's requirement unnecessary.

20. Feeling unsafe to return to work physically, Plaintiff asked the Defendant, as an accommodation, if she could work in the front office, which was a closed office, to protect herself from contracting COVID-19, a good faith concern due to her pregnancy -- and reasonable request under the Americans with Disabilities Amendments Act

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/pregnant-people.html#:~:text=People%20with%20COVID%2D19%20during,37%20weeks)%20or%20stillborn%20infant.

(ADAAA).

**B.  Plaintiff's Reasonable Entreaty for an Accommodation is Denied.**

21. Mackey declined Plaintiff's reasonable request for accommodation, stating that the front office was reserved for employees who come into work from other Bouvier office locations.

22. With her accommodation request being flatly denied, on or about August 12, 2021, Plaintiff contacted Pamela Oddi ("Oddi") (non-pregnant; no known disability), Director of Employee Experience, and requested, as an alternative accommodation, that she be allowed to work from home for the remainder of her pregnancy on the advice of her physician, due to the delta variant of COVID-19 causing a spike in cases, coupled with the inherent risk of being pregnant. Bouvier granted her request.

23. On October 15, 2021, Plaintiff delivered her baby and remained on maternity leave for the rest of the 2021 year.

**C.  Plaintiff Engages in Protected Activity by Using Family and Medical Leave Act Unpaid Time Off.**

24. After her birth, Plaintiff utilized unpaid leave under the Family and Medical Leave Act (FMLA).

25. Plaintiff's leave was scheduled to expire on February 4, 2022, with a return to work date of February 7 2022.  Plaintiff was out of work on an unpaid leave because Defendant stated that Plaintiff was not eligible for CT paid leave.

**D. Plaintiff's Efforts to Return to Work and Request for a Place to Express Milk.**

26. While on her leave of absence, towards the end of December 2021, Plaintiff emailed Ms. Mackey inquiring about the availability of a proper lactation room for her use when

she returned to work because Bouvier did not have a room to privately express breast milk.

27. With no response from Mackey regarding her requested accommodation, on January 5, 2022, Plaintiff followed-up with Ms. Oddi, Human Resources Manager, further stating that she required a private room to pump breast milk before she could return to work. Oddi, likewise, did not immediately respond to Plaintiff's email.

28. Oddi eventually responded to Plaintiff's email, remarking that Bouvier was fully aware of the laws requiring it to have a private place for the Plaintiff to pump breast milk. Mackey's response still failed to address the Plaintiff's concerns.

29. Therefore, Plaintiff contacted Mackey again on or about January 26, 2022, asking if she could work from home while breastfeeding because she was concerned about the lack of a private space for pumping at the office. Mackey said no to this reasonable request as well.

30. At this point, other employees were permitted to work from home at least two days a week; yet Plaintiff was denied her request.

31. With no ADAAA accommodation being made, Plaintiff was forced to request intermittent leave, pursuant to the FMLA, to cover in- office days so that she could express milk, from home, with the necessary privacy, since she was not promised an appropriate, private, lactation space at work.  Unfortunately, this request too, was denied.

32. On or about February 1, 2022, Oddi finally emailed Plaintiff stating that Bouvier's front office was being converted to a private space with a refrigerator as a feeble attempt at an ADAAA accommodation. This was not a proper accommodation as Plaintiff's

coworkers informed her that the front room had been separated by curtains, and a sign that either said occupied or unoccupied, because there was no lock on the outside door.

33. Plaintiff expressed her concerns over this lack of an appropriate accommodation on February 1, 2022, after not obtaining sufficient information from Defendant regarding the required lactation space to be provided for her.

34. Specifically, that day, February 1, Plaintiff begged Defendant for a request for an accommodation in her email, stating: "I wanted to confirm that a safe [lactation] space would be provided for me, because the last I knew the Old Lyme office did not have any private, secure spaces available that are only available for use by a nursing mother, as the law requires. Since you did not confirm this in your previous email's I had to ask again to ensure that I would not be arriving to a space that did not meet these requirements."

35. On February 6, 2022, Oddi emailed Plaintiff, stating that Plaintiff would have priority for the front office and could tell people to leave the room when she needed to pump.

36. Plaintiff did not feel secure pumping in a room shielded by only a curtain, with no sound barrier, and without a locking door since any employee could easily walk in inadvertently.

37. Furthermore, it was embarrassing for Plaintiff to request that employees leave the room for up to 45 minutes or more for her to express milk.

38. Still with no reasonable accommodation in place at this point, on February 6, 2022, Plaintiff sent Defendant an email requesting that she be permitted to take 12 weeks of paid leave that she was entitled to, which would have given her a leave of absence until March 28, 2022. Plaintiff also suggested that she could return to work earlier if she

were permitted to work from home since the lactation room would not be an issue at home.

39. Further engaging in an interactive process to find a compromise, Plaintiff also tried to work out a schedule that would be suitable for both her and Defendant, by suggesting she use her own paid time off or unpaid time off, at the Defendant's preference, to temporarily cover her in-office days, so she could breastfeed from home, alleviating the need for Defendant to provide a proper lactation room. This request too, was denied, though similarly situated employees had their work schedules reduced by 40 hours a week to accommodate their needs.

40. Still trying for an accommodation, Plaintiff also asked if she could be permitted to work from home full time, which Defendant also denied readily.

41. Instead of providing Plaintiff with a reasonable accommodation, Oddi quickly terminated the Plaintiff's employment when she did not return to work on February 8, 2022, without exploring other accommodation, and even though no accommodations were in place for her to reasonably return to work.

42. Also, of significant importance, Plaintiff had personal time and vacation time that she had accrued and could have been used to extend her leave through March 28, 2022 -- this was not considered by Defendant.

**E. Similarly-Situated Employees were Permitted to Work from Home.**

43. In comparison, upon information and belief, two similarly situated coworkers of Plaintiff, Juli Thurman and Marybeth Perelli, were granted full time work from home accommodations, because they resided out of state.

44. Plaintiff, on multiple occasions, unequivocally expressed her intention to return to

work after her leave.

45. With respect to Plaintiff's inquiry regarding the availability of an appropriate lactation room, the Patient Protection and Affordable Care Act ("Affordable Care Act") amended Section 7 of the FLSA to require employers to provide reasonable break time for an employee to express breast milk for her nursing child for one year after the child's birth each time such employee has need to express the milk. Employers are also required to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk. *29 U.S.C. Section 207(r)(1)*.

46. Defendant made no effort to comply with the FLSA in response to Plaintiff's email. Defendant did not offer, for example, to ensure intrusion from coworkers and the public by promising that a locking door was in place, rather than just a curtain.

## COUNT ONE

### VIOLATION OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT (AN AMENDMENT TO THE FAIR LABOR STANDARDS ACT) AND THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 ET SEQ., AS AMENDED

47. Plaintiff hereby incorporates Paragraphs 1-46 with the same force and impact as if fully set forth herein.

48. Defendant is an "employer," as defined by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

49. Following the birth of her child, Paradis attempted to return to work in early February 2022.

50. Paradis therefore would have needed to express breast milk while on the job after

-8-

her return to work in order to meet her infant's nutritional needs.

51. Paradis informed her manager that she would need to express breast milk while working and was concerned about both the availability of the required separate, private, secure spaces, with a lock, to express her breast milk.

52. Defendant failed to adequately address Plaintiff's concerns, and never offered her a secure space with a locking door.

53. Defendant's conduct violated Section 4207 of the Patient Protection and Affordable Care Act, an amendment to the FLSA, 29 U.S.C. 207(r) by failing to provide a private place for Paradis to express breast milk.

54. Defendant failed to provide her with "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public" to be used by Paradis to express breast milk as required under 29 U.S.C. 207(r)(1)(B).

55. Section 215(a)(3) of the FLSA provides that it is "unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding…"

56. The enforcement provision of Section 215(a)(3) is found in Section 216(b). In pertinent part, Section 216(b) states:

Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purpose of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for

and in behalf of himself or themselves and other employees similarly situated …
The court in such action shall, in addition to any judgment awarded to the plaintiff
or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs
of the action.53.

57.  Section 215(a)(3) provides for a separate cause of action with separate remedies should an employer "discharge or in any other manner discriminate against" the employee "because such employee has filed any complaint … under or related to" the Fair Labor Standards Act, including the express breast feeding provision.

58.  As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

59.  Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT TWO

### RETALIATION AND INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FMLA

60.  Plaintiff hereby incorporates Paragraphs 1-46 with the same force and impact as if fully set forth herein.

61.  Defendant interfered with, restrained, and denied the exercise of Paradis' rights under the FMLA, and/or retaliated against her for exercising her rights under the FMLA. 29 U.S.C. § 2615 (A)(1) & (A)(2).

62.  Defendant interfered with and retaliated against and terminated Paradis for taking job-protected leave in violation of the FMLA.

-10-

63. As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

64. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT THREE

### VIOLATION OF CONNECTICUT'S PAID FAMILY AND MEDICAL LEAVE ACT ("PFMLA")

65. Plaintiff hereby incorporates Paragraphs 1-46 with the same force and impact as if fully set forth herein.

66. PFMLA allows employees access to income replacement benefits for life events covered under the federal Family and Medical Leave Act of 1993 (FMLA), such as a pregnancy.

67. Plaintiff had a qualifying event covered by the FMLA -- childbirth.

68. Plaintiff had to take unpaid leave time because she was not notified of her rights to paid leave under the PFMLA.

69. As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

70. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

**COUNT FOUR**

**PREGNANCY, SEX, AND GENDER DISCRIMINATION,
IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

71. Plaintiff hereby incorporates Paragraphs 1-46 with the same force and impact as if fully set forth herein.

72. Defendant employs more than fifteen employees.

73. Plaintiff was qualified for her position.

74. The Plaintiff is a member of multiple protected classes based upon her female sex, gender, and pregnancy.

75. Lactation is a related medical condition of pregnancy for purposes of the Pregnancy Discrimination Act.

76. There is a close temporal relationship between (i) Paradis' efforts to secure appropriate accommodations to express breast milk, (ii) Bouvier's negative reaction to those efforts, and (iii) Plaintiff's termination.

77. Thus, Plaintiff was subjected to disparate treatment because of her female sex, gender and pregnancy.

78. Plaintiff was discriminated against and retaliated against after she engaged in protected activity when she requested a reasonable accommodation for her pregnancy.

79. The Plaintiff suffered adverse employment actions, including, but not limited to, the following:

      a)    Being wrongfully terminated on February 8, 2022.

80. The above prescribed discriminatory actions were taken against the Plaintiff because of her female sex, gender, and pregnancy.

81. Defendant's conduct is unlawful and in violation of Title VII.

82. As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

83. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT FIVE

### SEX, AND GENDER DISCRIMINATION, IN VIOLATION OF CONN. GEN STAT. § 46a-60(b)(1)

84. Plaintiff hereby incorporates Paragraphs 1-46 and 71-83 with the same force and impact as if fully set forth herein.

85. Defendant employs one or more employees.

86. Plaintiff was qualified for her position.

87. Plaintiff is a member of multiple protected classes based upon her female sex, gender, and pregnancy.

88. Lactation is a related medical condition of pregnancy for purposes of the Pregnancy Discrimination Act.

89. There is a close temporal relationship between (i) Paradis' efforts to secure appropriate accommodations to express breast milk, (ii) Bouvier's negative reaction to those efforts, and (iii) Plaintiff's termination.

90. Thus, Plaintiff was subjected to disparate treatment because of her female sex, gender and pregnancy.

91. Plaintiff was discriminated against and retaliated against after she engaged in

-13-

protected activity when she requested a reasonable accommodation for her pregnancy.

92. The Plaintiff suffered adverse employment actions, including, but not limited to, the following:

    a) Being wrongfully terminated on February 8, 2022.

93. The above prescribed discriminatory actions were taken against the Plaintiff because of her female sex, gender, and pregnancy.

94. Defendant's conduct is unlawful and in violation of Conn. Gen Stat. § 46a-60(b)(1).

95. As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

96. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT SIX

### RETALIATION,
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

97. Plaintiff hereby incorporates Paragraphs 1-46 and 71-83 with the same force and impact as if fully set forth herein.

98. Defendant employs more than fifteen employees.

99. Plaintiff engaged in protected activity by requesting the reasonable accommodation related to her pregnancy.

100. The Defendant then retaliated against Plaintiff by, among other things, terminating the Plaintiff's employment on February 8, 2022.

-14-

101. The above retaliatory actions were taken against the Plaintiff because of her female sex, gender, and pregnancy.

102. Defendant's conduct is unlawful and in violation of Title VII.

103. As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

104. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT SEVEN

### RETALIATION,
### IN VIOLATION OF CONN. GEN STAT. § 46a-60(b)(4)

105. Plaintiff hereby incorporates Paragraphs 1-46 and 84-96 with the same force and impact as if fully set forth herein.

106. Defendant employs one or more employees.

107. Plaintiff engaged in protected activity by requesting the reasonable accommodation related to her pregnancy.

108. The Defendant then retaliated against Plaintiff by, among other things, terminating the Plaintiff's employment on February 8, 2022.

109. The above retaliatory actions were taken against the Plaintiff because of her female sex, gender, and pregnancy.

110. Defendant's conduct is unlawful and in violation of Conn. Gen Stat. § 46a-60(b)(4).

111. As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe

-15-

benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

112. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT EIGHT

### PREGNANCY DISCRIMINATION, IN VIOLATION OF CONN. GEN. STAT. § 46A-60(B)(7)

113. Plaintiff hereby incorporates Paragraphs 1-46 with the same force and impact as if fully set forth herein.

114. Defendant employs more than fifteen employees.

115. Plaintiff was qualified for her position.

116. Plaintiff was subjected to disparate treatment because of her pregnancy.

117. The Plaintiff suffered adverse employment actions, including, but not limited to, the following:

      a) Being terminated from her position on February 8, 2022.

118. The above prescribed discriminatory actions were taken against the Plaintiff because of her pregnancy.

119. Defendant's conduct is unlawful and in violation of Conn. Gen. Stat. § 46a-60(b)(7).

120. As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

121. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

THE MCMINN EMPLOYMENT LAW FIRM, LLC

**COUNT NINE**

**RETALIATION,
IN VIOLATION OF TITLE VII OF CONN. GEN. STAT. § 46A-60(B)(7)**

122. Plaintiff hereby incorporates Paragraphs 1-46 and 113-121, with the same force and impact as if fully set forth herein.

123. Defendant employs one or more employees.

124. Plaintiff engaged in protected activity by requesting a reasonable accommodation related to her pregnancy.

125. The Defendant then retaliated against Plaintiff by, among other things, terminating the Plaintiff's employment on February 8, 2022.

126. The above retaliatory actions were taken against the Plaintiff because of her pregnancy.

127. Defendant's conduct is unlawful and in violation of Conn. Gen. Stat. § 46a-60(b)(7).

128. As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

129. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

**COUNT TEN**

**VIOLATION OF CONN. GEN. STAT. § 31-40(b) and (c)**

130. Plaintiff hereby incorporates Paragraphs 1-46 with the same force and impact as if fully set forth herein.

131. Pursuant to Connecticut General Statute § 31-40w(a), Plaintiff had a right to express pressed milk at her place of appointment.

-17-

132. Defendant failed to provide a secure and private space for the Plaintiff to express her breast milk in violation of § 31-40w(b).

133. Defendant discriminated against the Plaintiff for exercising her right to express breast milk in the workplace in violation of Conn. Gen. Stat. § 31-40(c).

134. As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

135. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

**PRAYER FOR RELIEF**

Wherefore the Plaintiff prays that this court award:

1. Money damages;

2. Costs;

3. Punitive damages, attorney fees, and expert witness fees;

4. Pre-judgment interest;

5. Trial by jury; and,

6. Such other relief as the Court deems just, fair, and equitable.

-18-

THE PLAINTIFF,
BRYANNA PARADIS

By: _____/s/_____
    Michael C. McMinn (#ct27169)
    **THE MCMINN EMPLOYMENT
    LAW FIRM, LLC**
    1000 Lafayette Blvd., Suite 1100
    Bridgeport, CT 06604
    Tel: (203) 683-6007
    Fax: (203) 680-9881
    michael@mcminnemploymentlaw.com

    *COUNSEL FOR PLAINTIFF*